[Cite as *State v. Hardin-Rogers*, 2022-Ohio-802.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                                 No. 109679

    v.                                   :

BRIAN HARDIN-ROGERS,                    :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640332-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Noelle A. Powell, Assistant Public Defender,  *for appellee.*

LISA B. FORBES, J.:

## I.    Facts and Procedural History

{¶ 1}   On March 16, 2020, Brian Hardin-Rogers ("Hardin-Rogers") plead

guilty to the following:  attempted rape, a second-degree felony, in violation of

R.C. 2923.02 and 2907.02(A); abduction, a third-degree felony, in violation of

R.C. 2905.02(A)(2); felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1). On April 7, 2020, the court found that the Reagan Tokes Law was unconstitutional, did not sentence Hardin-Rogers under the statute, and sentenced him to a definite prison term of seven years. The state of Ohio appeals this sentence raising the following two assignments of error, which will be addressed together:

> The trial court erred in finding the Reagan Tokes Law indefinite sentencing requirements unconstitutional.

> The trial court erred in imposing a definite sentence for a qualifying felony of the second degree.

## II. Law and Analysis

{¶ 2} The state of Ohio's assignments of error are sustained pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, and this case is remanded to the trial court for a resentencing hearing.

{¶ 3} Judgment reversed and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR


N.B. The author of this opinion is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).

Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.